UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN KOPKO

      Plaintiff,

v.                                 Case No. 12-13941
                                 Honorable Patrick J. Duggan

THE BANK OF NEW
YORK MELLON,

      Defendant.

_____/

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

On June 10, 2012, John Kopko ("Plaintiff") filed a complaint against The Bank of New York Mellon, f/k/a The Bank of New York ("Defendant"), in the Circuit Court for Oakland County, Michigan, alleging the following counts: (I) quiet title; (II) unjust enrichment; (III) breach of implied agreement/specific performance; and (IV) breach of Michigan Compiled Laws § 600.3205c.[1]  Defendant removed the Complaint to federal court based on diversity jurisdiction on September 6, 2012.  Presently before the Court is Defendant's motion to dismiss pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6), filed September 13, 2012.  The motion has been fully briefed.  The Court believes that oral argument will not aid in its disposition of the motion and therefore it has

---

[1]In his Complaint, Plaintiff refers simply to "MCL 3205(c)."  (Compl. ¶¶ 25-27.) Based on the allegations therein, however, the Court surmises that he is referring to Michigan Compiled Laws § 600.3205c.

dispensed with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f).[2]

For the reasons that follow, the Court now grants Defendant's motion and dismisses

Plaintiff's Complaint with prejudice.

## I.   Factual Background[3]

On February 21, 2005, Plaintiff and his wife executed a mortgage loan agreement

("Note") in order to borrow $182,650.00 from Mutual Mortgage Corporation for the

purchase of real property on Eu Clair Street in Commerce Township, Michigan

("Property").  (Compl. ¶ 2; Def.'s Mot. Ex. 1.)  As security for the loan, Plaintiff and his

wife granted a mortgage to the Property to Mortgage Electronic Registration Systems,

Inc. ("MERS"), as nominee for the lender and the lender's successors and assigns

---

[2]The Court originally scheduled a motion hearing for 2:30 p.m. on October 18, 2012.  Defense counsel appeared at the hearing; however, Plaintiff's counsel contacted the Court approximately thirty minutes earlier to indicate that he was in 36th District Court and unable to attend.  The Court decided not to reschedule the hearing, finding oral argument unnecessary to decide the matter.

[3]Plaintiff sets forth scant factual detail in his Complaint, although he does provide that (1) he owns the subject property in fee simple absolute by way of an executed warranty deed; (2) he purchased the property and resides therein; (3) he attempted to get a loan modification and/or negotiate in good faith a settlement for the subject property; (3) that a sheriff's sale occurred in 2012; (4) that defendant claims an interest by way of a sheriff's sale and sheriff's deed; (5) that since the sheriff's sale, Plaintiff and his representatives have attempted in good faith to continue with "the Settlement process to no avail"; and (6) the redemption period has expired.  (Compl. ¶¶ 3-9.)

Nevertheless, in ruling on a Rule 12(b)(6) motion, the Court may consider documents referenced in the pleadings that are central to the plaintiff's claims or that are of the sort of which a court generally may take judicial notice, such as public records. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322, 127 S. Ct. 2499, 2509 (2007); *Greenberg v. Life Ins. Co. of Va.*, 177 F.3d 507, 514 (6th Cir. 1999); *Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 336 (6th Cir. 2007).

("Mortgage").  (Def.'s Mot. Ex. 2.)  On July 25, 2011, MERS assigned the Mortgage to

Defendant as Trustee for the Certificateholders of CWALT, Inc. Alternative Loan Trust

2005-11CB, Mortgage pass-through Certificates Series 2005-CR ("Trust").  (*Id.* Ex. 3.)

The assignment was recorded in the Oakland County Register of Deeds on August 10,

2011.

In late 2011 or early 2012, Defendant, as Trustee for the Trust, initiated

foreclosure by advertisement proceedings with respect to the Property and a sheriff's sale

ultimately was held on February 14, 2012.  (Compl. ¶ 7; Def.'s Mot. Ex. 4.)  Defendant as

Trustee for the Trust was the successful bidder at the sale, purchasing the Property for

$211.450.24.  (Def.'s Mot. Ex. 4.)  The redemption period expired on or about August 14,

2012, with Plaintiff and/or his wife failing to redeem the Property.  (*Id.*).

As indicated above, on June 10, 2012, Plaintiff initiated this action claiming title

and seeking to retain possession of the Property.

## II.    Standard of Review

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the

legal sufficiency of the complaint.  *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78

F.3d 1125, 1134 (6th Cir. 1996).  Under Federal Rule of Civil Procedure 8(a)(2), a

pleading must contain a "short and plain statement of the claim showing that the pleader

is entitled to relief."  To survive a motion to dismiss, a complaint need not contain

"detailed factual allegations," but it must contain more than "labels and conclusions" or

"a formulaic recitation of the elements of a cause of action . . ."  *Bell Atlantic Corp. v.*

3

*Twombly*, 550 U.S. 555, 570, 127 S. Ct. 1955, 1964-65, 1974 (2007). A complaint does not "suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 557, 127 S. Ct at 1966).

As the Supreme Court provided in *Iqbal* and *Twombly*, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570, 127 S. Ct. at 1974). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965). The plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965.

In deciding whether the plaintiff has set forth a "plausible" claim, the court must accept the factual allegations in the complaint as true. *Id*.; *see also Erickson v. Pardus*, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007). This presumption, however, is not applicable to legal conclusions. *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949. Therefore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1965-65).

To the extent that a plaintiff alleges fraudulent conduct on the part of the defendant, such allegations also must satisfy the heightened pleading requirements of

4

Federal Rule of Civil Procedure 9(b), which provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b).  To satisfy Rule 9(b), a complaint must "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Frank v. Dana Corp.*, 547 F.3d 564, 569-70 (6th Cir.2008) (internal quotation marks and citation omitted).  At a minimum, the plaintiff must allege the time, place and contents of the misrepresentations upon which he or she relies. *Id.* (citing *Bender v. Southland Corp.*, 749 F.2d 1205, 1216 (6th Cir.  1984)).

## III.    Applicable Law and Analysis

Defendant argues that Plaintiff's claims are barred by the statute of frauds and fail to state a claim upon which relief may be granted.  Defendant also notes that sued in its own capacity, as opposed to as Trustee of the Trust, it is not a proper party to this action.[4]

### A.    Quiet Title (Count I)

When a plaintiff seeks to quiet title to property, he or she has the burden of proof and must make out a *prima facie* case of title to the property.  *Beaulah Hoagland Appleton Qualified Pers. Residence Trust v. Emmet Cnty. Rd. Comm'n*, 236 Mich. App. 546, 550, 600 N.W.2d 698, 700 (1999).  If the plaintiff establishes a *prima facie* case, the

---

[4]Because Plaintiff's claims fail regardless of whether he names Defendant in its own name or in its representative capacity as Trustee for the Trust, the Court finds it unnecessary to address this last argument.

burden shifts to the defendant to establish superior right or title to the property. *Id*. Although the factual allegations in Plaintiff's Complaint are scant, those allegations which are pled indicate that Defendant, as Trustee of the Trust, has a superior title to the Property based on the sheriff's sale and expiration of the redemption period. Plaintiff fails to allege facts to establish otherwise.

Michigan statutory law provides a mortgagor of residential property a period of six months from the date of the sheriff's sale to redeem the property. Mich. Comp. Laws § 600.3240(8). Once the redemption period expires, the purchaser of the sheriff's deed is vested with "all the right, title, and interest" in the property. *Id.* § 600.3236. At that time, the mortgagor may undo the sale *only* by demonstrating fraud or irregularity in the foreclosure proceedings. *Overton v. Mortg. Elec. Registration Systems*, No. 284950, 2009 WL 1507342, at *1 (Mich. Ct. App. May 28, 2009); *Ellison v. Wells Fargo Home Mortg., Inc.*, 09-14175, 2010 WL 3998091, at *4 (E.D. Mich. Oct. 12, 2010) (citing *Whitfield v. OCWEN Berkeley Fed. Bank & Trust*, No. 221248, 2001 WL 1699782, at *2 (Mich. Ct. App. Dec. 28, 2001) ("The type of fraud sufficient to set aside a foreclosure sale must generally relate to the foreclosure procedure or sale itself.")).

There is no dispute that the redemption period has expired with respect to the Property. (Compl. ¶ 9.) Plaintiff fails to allege facts to support a finding of fraud or irregularity in the foreclosure proceedings. The only wrongdoing set forth in Plaintiff's Complaint is Defendant's alleged interference with his purported attempt to enter a loan modification or "negotiate[] [a] settlement to keep possession of his home." (Compl.

6

¶¶ 12, 16; *see also id.* ¶¶ 21, 27.)  Even accepting this allegation as true, it is not sufficient to establish fraud or an irregularity in the foreclosure proceedings that would justify setting aside the foreclosure sale.  *See Jabow v. Chase Home Finance LLC*, No. 12-10370, 2012 WL 2524283, at *2 (E.D. Mich. June 29, 2012) (finding the plaintiff's allegation that the defendant "intentionally designed its actions to preclude [the] Plaintiff from entering a loan modification program" insufficient to set aside a foreclosure sale); *Harvey v. PNC Bank*, No. 12-10620, 2012 WL 2524285, at *2 (E.D. Mich. June 29, 2012) (same); *Powers v. Chase Bank USA, N.A.*, No. 12-10814, 2012 WL 1945474, at *3 (E.D. Mich. May 30, 2012) (same).  In other words, the alleged failure of a mortgage holder or servicer to comply with Michigan's loan modification statute, Michigan Compiled Laws § 600.3205c, is not a basis for setting aside an eventual sheriff's sale.  *Id.* § 600.3205c(8); *see also Block v. BAC Home Loans Servicing LP*, No. 11-11181, 2012 WL 2031640, at *3 (E.D. Mich. June 6, 2010) (collecting cases).

Viewed most charitably, Plaintiff is alleging that Defendant had a fraudulent intent to mislead Plaintiff into believing that his loan was being modified and that he could retain possession of the property while it simultaneously was pursuing foreclosure proceedings.  In fact in response to Defendant's motion, Plaintiff expressly states that he was "misled into believing that the Sheriff [sic] Sale would not occur pending the outcome of the Loan Modification process."  (Pl.'s Resp. Br. at 1.)  However, Plaintiff does not set forth facts in his Complaint to satisfy the stringent pleading requirements of Federal Rule of Civil Procedure 9(b) to support a claim of fraud and he offers no facts in

7

his response brief to suggest that he could amend his pleading to do so.

For these reasons, Count I of the Complaint must be dismissed.

### B.     Unjust Enrichment (Count II)

To plead a claim of unjust enrichment under Michigan law, a plaintiff must establish that the defendant received and retained a benefit from the plaintiff, resulting in an inequity. *Fodale v. Waste Mgmt. of Michigan, Inc.*, 271 Mich. App. 11, 36, 718 N.W.2d 827, 841 (2006). Michigan courts then will imply a contract to prevent the defendant from being unjustly enriched. *Id*. However, courts will not imply a contract where there is an express contract governing the subject matter. *Id*.

In Count II of his Complaint, Plaintiff alleges that if the Sheriff's Deed granting title to Defendant "were to stand, Defendants [sic] would be unjustly enriched in excess of $25,000 and Plaintiff would suffer a loss in that amount, plus the loss of the subject property as a result of attempting in good faith to modify the Loan or negotiate a settlement in order to keep possession of her [sic] home." (Compl. ¶ 18.) The Note and Mortgage, however, establish the rights and obligations of the parties relative to the Property, including Defendant's right to foreclose in the event of Plaintiff's non-payment in accordance with the Note. Therefore there is an express contract governing the subject matter.

Moreover, Plaintiff fails to plead that Defendant received a benefit to which it was not entitled. Plaintiff's response to Defendant's motion in which he asserts that Defendant has legal title to the property, the proceeds of the sheriff's sale, and can sue

8

Plaintiff for the deficiency, fares no better in stating a viable unjust enrichment claim. Plaintiff states that "[t]he inequity to the Plaintiff is obvious."  (Pl.'s Resp. Br. at 2.)  It is not obvious to this Court.

For these reasons, Count II of the Complaint also fails to state a claim upon which relief may be granted.

### C.      Breach of Implied Agreement/Specific Performance (Count III)

In Count III of his Complaint, Plaintiff seeks an order requiring Defendant to continue processing the loan modification or negotiate a settlement so Plaintiff can keep possession of his home.  In essence, Plaintiff is asking the Court to find an implied agreement requiring Defendant to modify the loan or make some other agreement enabling Plaintiff and his wife to maintain possession.[5]

Under Michigan law, "[a] contract is implied in fact where the intention as to it is not manifested by direct or explicit words between the parties, but is to be gathered by implication or proper deduction from the conduct of the parties, language used or things done by them, or other pertinent circumstances attending the transaction."  *Erickson v. Goodell Oil Co.*, 384 Mich. 207, 212, 180 N.W.2d 798, 800 (1970).  Plaintiff alleges no facts implying that he and Defendant entered into an agreement to modify his loan.  In fact, Plaintiff expressly asserts in his Complaint that no agreement was reached.  (*See,*

---

[5]Notably, Plaintiff has not alleged that Defendant is the holder of the Note.  As such, it is not even apparent that Defendant has the authority to comply with the agreement Plaintiff is asking the Court to imply.

*e.g.*, Pl.'s Compl. ¶ 10 ("That Defendant must be ordered to continue the processing of the Loan Modification and/or negotiate in good faith a settlement on the subject property so that the Plaintiff can enter into a Loan Modification.").)

This claim also fails because, under Michigan's statute of frauds, any alleged promise by a financial institution to modify the terms of a loan must be reduced to writing to be enforceable.  *See* Mich. Compiled Laws § 566.132(2); *Crown Tech. Park v. D&N Bank, FSB*, 242 Mich. App. 538, 550, 619 N.W.2d 66, 72 (2000) (interpreting Section 566.132(2) as precluding any claim– "no matters its label– against a financial institution to enforce the terms of an oral promise to [make a financial accommodation].").

For these reasons, Plaintiff fails to state a claim in Count III of his Complaint.

**D.     Violation of Michigan Compiled Laws § 600.3205c (Count IV)**

In Count IV of his Complaint, Plaintiff lists the requirements of § 600.3205c and then merely alleges "[t]hat Defendants [sic] have failed to follow MCL 3205(c) [sic] in that the Defendants [sic] have failed to modify Plaintiff's mortgage."  (Compl. ¶ 27.) Plaintiff therefore has not pled sufficient facts to establish a violation of § 600.3205c.  In fact, Plaintiff has not alleged facts to suggest that he even was eligible for whatever relief the statute provides (e.g. that he contacted a housing counselor and was eligible for a modification).  *See* Mich. Comp. Laws §§ 600.3205c(1), (6), and (7).

Moreover, even if Plaintiff was eligible for a modification, courts in the Eastern District of Michigan uniformly have held that a violation of Section 600.3205c is insufficient to justify setting aside a completed foreclosure sale. *See, e.g., Adams v. Wells*

10

*Fargo Bank, N.A.*, No. 11-10150, 2011 WL 3500990, at *4 (E.D. Mich. Aug. 10, 2011)

(Battani, J.); *Nafso v. Wells Fargo Bank, N.A.*, No. 11-10478, 2011 WL 1575372, at *3

(E.D. Mich. Apr. 26, 2011) (Cohn, J.); *Stein v. U.S. Bancorp*, No. 10-14026, 2011 WL

740537, at *8, 10 (E.D. Mich. Feb. 24, 2011) (Cook, J.).  This is because the statute does

not require the mortgage holder or servicer to modify the mortgage loan.  *See* Mich.

Comp. Laws § 600.3205c(8).  Instead, the statute provides that "[i]f a mortgage holder or

mortgage servicer begins foreclosure proceedings under this chapter in violation of this

section, the borrower may file an action in the circuit court for the county where the

mortgaged property is situated to convert the foreclosure proceeding to a judicial

foreclosure."  *Id*.  "The provision allows certain borrowers to determine the type of

foreclosure proceeding, not to avoid foreclosure altogether or set aside an

already-completed foreclosure."  *Stein*, 2011 WL 740537, at *10.

> In short, Plaintiff also fails to state a viable claim in Count IV of his Complaint.

## IV.    Conclusion

> For the reasons set forth above, the Court holds that Plaintiff's Complaint fails to
state a claim upon which relief may be granted.  Plaintiff fails to present any argument
and/or facts in response to Defendant's motion to dismiss to suggest that he could remedy
the deficiencies in his Complaint if such a request were made and granted.[6]

---

[6]It is not surprising that Plaintiff's counsel did not present facts to state a claim or make a
request to file an amended pleading in response to Defendant's motion.  In the current year,
alone, Plaintiff's counsel has filed almost the identical complaint in more than fifty cases in this
District (or which have been removed to this District from state court) on behalf of individuals

(continued...)

11

Accordingly,

**IT IS ORDERED**, that Defendant's motion to dismiss is **GRANTED**.

Dated: October 23, 2012                   s/PATRICK J. DUGGAN
                                          UNITED STATES DISTRICT JUDGE

Copies to:
Emmett Greenwood, Esq.
Trevor M. Salaski, Esq.

---

[6](...continued)
whose homes have been foreclosed. *See, e.g.*, *Boyd v. Bank of America, NA*, No. 12-10351 (filed Jan. 26, 2012); *Jabow v. Chase Home Finance LLC*, No. 12-10370 (filed Jan. 27, 2012); *Harvey v. PNC Bank, NA*, No. 12-10620 (filed Feb. 13, 2012); *McKendrick v. Fannie Mae*, No. 12-10730 (filed Feb. 17, 2012); *Powers v. Chase Bank USA, NA*, No. 12-10814 (filed Feb. 22, 2012); *Koyle v. Fannie Mae*, No. 12-11065 (filed Mar. 9, 2012); *McCraney v. Bank of America, NA*, No. 12-11082 (filed Mar. 12, 2012); *McCoy v. The Bank of New York Mellon*, No. 12-1110 (filed Mar. 13, 2012); *Janney v. HSBC Bank*, No. 12-11583 (filed Apr. 6, 2012); *Bahnam v. Green Tree Servicing LLC*, No. 12-12303 (filed May 25, 2012).  Plaintiff's counsel has continued to file the same cookie-cutter complaint even though several judges have dismissed the complaint under Rule 12(b)(6).  *See, e.g., id.*  Plaintiff's counsel should know at this juncture that the allegations he is including in those complaints and the claims he is asserting on behalf of his clients are insufficient to survive a motion to dismiss.  His repeated use of the almost identical complaint without changes necessary to reflect the circumstances of the particular case renders his unprofessional conduct even more offensive.